No. 11,203.

MRS. J. T. CHAMBERS ET AL. VS. MARTIN HANEY ET ALS.

Where an agent is authorized to sell and dispose of certain lands, and he exchanges them for other lands, the principal ratifies the act if he sells the lands which his agent received in exchange.

A copy of a copy of an authentic act is inadmissible in evidence, unless the original is alleged and proven to be lost and that a copy thereof can not be obtained.

Where a party disposed of lands in his lifetime and the deed was recorded in the parish in which they were situated, and these lands afterward became a part of a new parish and the act of sale was not recorded in the new parish, the heirs of the deceased can not claim title to said land on account of the failure to record the deed in the new parish.

APPEAL from the Eighteenth District Court, Parish of Tangipahoa.   *Thompson, J.*

---

*W. H. McClendon* for Plaintiffs and Appellants:

A power to sell is not a power to exchange. 15 An. 560; Story on Agency, par. 78. It must be express to sell or to buy.   C. C. 2997.

The action of the agent beyond his authority does not bind his principal.   4 N. S. 502; 2 Rob. 274; 3 An. 468.

One who deals with a special agent must, at his peril, see that he does not exceed his authority.   6 La. 47; Story on Agency, par. 72.   And can derive no benefit from a usurpation of power by an agent on whose act he relies where such usurpation was known to him.   4 An. 236.

One who, from his relations with his vendor, must have known the defects of the latter's title (authority) can not plead prescription.   C. C. 3479, 3452; 14 An. 814; 42 An. 161.

The law will not permit persons acting in a fiduciary capacity to place themselves where their private interests conflict with their duty to others.

An agent can not purchase the property of his principal.   The law strikes the sale with nullity.   Hennen's Digest, Mandate V (e) No. 1-10; Story on Agency, par. 210.

There can be no valid ratification of a contract that is null, or of one that is without object, unless it appear that the party knew with precision what act he was ratifying and its defects.   O. C. 2272; 15 An. 569; 16 An. 245; 23 An. 538; 15 An. 268.

*White, Parlange & Saunders* for Defendants and Appellees:

An invalid contract by an agent will be held ratified by the principal, after a tacit acquiescence and a long silence.   Lafitte & Co. vs. Leon Godchaux, 35 An. 1161; 34 An. 150.

The acts of an agent, even if unauthorized by his mandate, or in violation thereof, are considered as ratified by the principal by acquiescence, if, after knowledge of the same, he does not repudiate them.   36 An. 616, and cases therein cited.

The principal must disapprove his agent's acts within a reasonable time, otherwise he is bound by the acts of his agent, done in good faith.   18 La. 517; Starr & Howland vs. Zacharie & Co.

The recorder of conveyances is the custodian of conveyance records, and therefore the proper officer to grant copies from his office.

The opinion of the court was delivered by

McENERY, J.    William A. Chambers died in the parish of Tangipahoa in 1868, leaving a widow and three sons.

In this suit the widow and two sons are plaintiffs, and the third son, W. A. Chambers, Jr., is one of the defendants.

The plaintiffs allege that their deceased father left as community property two bodies of land situated, one in T. 4 S., R. 7 E., the other in T. 4 S., R. 8 and 9 E.   They further aver that on the 20th May, 1891, the tax collector of Tangipahoa parish adjudicated to one of the defendants, Haney, the second described tract of land, situated east of the river Tangipahoa, as property which had been previously forfeited to the State for unpaid taxes of past years.   The adjudication was for the price of $13.   The tax sale is assailed for nullity on

several grounds. The defendant, W. A. Chambers, Jr., on 5th August, 1881, gave in exchange to defendant, Haney, 1257.76 acres for the lands in T. 4 S., R. 8 and 9 E., which he, Haney, had bought at said tax sale.

The exchange was made in the interest of the widow and heirs of W. A. Chambers, deceased.

In a supplemental act of exchange Chambers, Jr., gave to Haney 315.16 acres of said land in T. 4 S., R. 4 E., which was omitted from the first act of exchange.

The defendants answered denying that W. A. Chambers, Sr., died owner of the lands in T. 4 S., R. 8 and 9 E., and east of Tangipahoa river; that said lands which he acquired at tax sale were sold and conveyed to W. A. Chambers, Jr., by his father, W. A. Chambers, by act passed before Felix Grimm, notary public in and for the parish of Orleans, on June 28, 1867, and duly recorded in the conveyance records of St. Tammany parish; that said lands so conveyed were when sold to Chambers, Jr., embraced within the limits of the parish of St. Tammany, and after the parish of Tangipahoa was created they became a part of said parish; that in the transcript of conveyance records of St. Tammany, which were required to be forwarded to Tangipahoa, the record of the sale of said lands from Chambers, Sr., to Chambers, Jr., was omitted; that W. A. Chambers, Jr., the owner of said lands, requested defendant, to buy said lands, promising him that if he would buy said lands said Chambers would give him in exchange therefor the lands lying in T. 4 S., R. 7 E., to which W. A. Chambers, Sr., when he died did not have complete title, the defendant to defray all expenses of completing said titles, say, $250; that Chambers, Jr., represented that this proposition was made with the consent and approval of the plaintiffs; that after said contract was made said W. A. Chambers, Jr., obtained from plaintiffs their written authority and power of attorney of date April 9, 1881, for the purpose of making the exchange of said lands; that since said exchange of August 6, 1881, and the supplemental act of December 27, 1881, the plaintiffs have sold said lands.

The defendant, W. A. Chambers, adopted the answer of his co-defendant, and especially avers that the exchange of said lands was made by him individually, and as agent and attorney in fact of plaintiffs; that said exchange was made in pursuance of the agreement with Haney, known to plaintiffs, and indorsed and approved by

29

them, and that the power of attorney was executed for the special purpose of carrying out said agreement.

There was judgment for defendants, and plaintiffs appealed.

The power of attorney to W. A. Chambers, Jr., executed by plaintiffs, is as follows: that they "hereby constitute and appoint Wm. A. Chambers, of Tangipahoa parish, agent and attorney in fact for us, and in our name, place and stead, to sell and dispose of all our right, title and interest, claim or demand, in and to any and all lands in which we are interested in the parish of Tangipahoa, and especially that portion lying in T. 4 S., R. 7 E., and known as the Duck Swamp land, and we bind ourselves to abide by all his acts in the premises."

Under this power of attorney Chambers, Jr., made the exchange as stated with defendant Haney. The plaintiffs afterward sold a large part of the land they took in exchange to one Chesbrough. If it was succession property which Chambers, Jr., exchanged with Haney, the plaintiffs had the right to sell it in their own right, and also to recover the same as succession property by attacking the tax deed.

The claim of plaintiffs to ownership of the land, notwithstanding the sale of Chambers to Chambers, Jr., because of the failure to transfer the act of sale to Tangipahoa parish, is untenable.

The failure to forward it there for recordation with the other records could not defeat the title of Chambers, Jr. If sold as alleged the title passed from Chambers, Sr., and the plaintiffs claiming through him can not do what he could not do in his lifetime. He could not be revested with title by the failure to record the deed. If the property belonged to defendant Chambers, Jr., he could do what he pleased with it. Plaintiffs were without interest to attack the tax deed, and if, as alleged by defendants, the property was owned by Chambers, Jr., the sale of the land received in exchange by plaintiffs was a ratification of the act of exchange, although the power of attorney may not have authorized that mode of disposing of the property.

To establish the sale made to Chambers, Jr., by Chambers, Sr., the defendants offered in evidence the copy of the copy recorded in St. Tammany parish.

This was objected to by plaintiffs as being inadmissible, as it was a "copy of a copy," and not a copy of the authentic act of sale.

The objection was well taken and the district judge was in error in admitting it.

"The best evidence must be produced.

"A copy of a copy is not admissible in evidence unless the original is alleged and .proven to be lost, and that a copy thereof can not be obtained." Civil Code 2268, 2269, 2279, 2280; 6 New Series, 208; 2 An. 998; 36 An. 683; 7 New Series, 550; 5 New Series, 175; 13 Louisiana, 536; Mercier vs. Harnan, 39 An. 94.

There was no allegation made, or proof offered, that a copy of the original act could not be obtained, or had been lost or destroyed.

There is no evidence in the record of any fraud or collusion between the defendants to deprive plaintiffs of their property.

The case will be remanded to take evidence on the alleged sale of W. A. Chambers to W. A. Chambers, Jr.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that this case be remanded to be proceeded with according to law, and the views herein stated, appellees to pay costs of appeal.